UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,

    Plaintiff,

v.

KAREN L. LITKOVITZ,

    Defendant.

Case No. 1:21-cv-552

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Nehemiah Rolle, Jr. ("Rolle"), having paid the requisite filing fee and proceeding *pro se*, filed his latest complaint with this Court on August 26, 2021. (Doc. 1). Pursuant to local practice, this case has been referred to the undersigned magistrate judge. The undersigned now recommends that this case be **DISMISSED** *sua sponte*, and that both monetary sanctions under Rule 11, Fed. R. Civ. P. and pre-filing restrictions against Plaintiff be imposed, based upon his vexatious litigation history.

### I. Background of Plaintiff's Frivolous Litigation History

The instant lawsuit is Plaintiff's eleventh lawsuit in this Court to date[1], and his second suit filed against U.S. Magistrate Judge Karen L. Litkovitz. Consistent with Rolle's history, he filed the instant lawsuit against Judge Litkovitz immediately after she filed a Report and Recommendation ("R&R") that recommends the dismissal of another

---

[1] *See, e.g.*, Case Nos. 1:19-cv-821; 1:19-cv-944; 1:19-cv-1014; 1:19-cv-1015; 1:20-cv-734; 1:20-cv-735; 1:21-cv-06; 1:21-cv-230; 1:21-cv-552; 2:20-cv-35; 2:21-cv-1603. The undersigned recognizes that Plaintiff technically has filed "only" nine frivolous complaints to date, because Case Nos. 1:20-734 and 1:19-cv-1014 were both transferred, at Defendants' requests, to the Columbus seat of Court where they were reopened as Case Nos. 2:20-cv-35 and 2:21-cv-1603 before being dismissed. The filing of nine frivolous lawsuits warrants the imposition of the sanctions recommended herein.

of Plaintiff's recent lawsuits.[2] *See Rolle v. Litkovitz*, Case No. 1:21-cv-230, 2021 WL 1546110 at *1, n.1 (April 20, 2021) (detailing Rolle's extensive litigation history which includes "a long history of filing *pro se* lawsuits against judges whose decisions he does not like," including "approximately 20 frivolous lawsuits in the United States Court for the Eastern District of New York and several others in the Northern and Southern Districts of New York and the District of New Jersey.").[3]

Although all of Rolle's cases are patently frivolous and nearly all have been dismissed for lack of subject matter jurisdiction,[4] Rolle's cases consume a greater amount of judicial resources (to say nothing of the burden placed upon the defendants) than the cases of most pro se filers because Plaintiff pays the full filing and administrative fees in each case. By paying the requisite fees, Plaintiff's cases escape "frivolousness" screening under 28 U.S.C. §§ 1915A or 1915(e)(2). Because the vast majority of pro se cases are filed *in forma pauperis*, those statutory provisions act as a fail-safe to ensure immediate judicial review that effectively screens out most frivolous case at the outset of the case - prior to service on the defendants. By contrast, in the absence of such automatic screening, Plaintiff's fee-paid cases often linger on this Court's docket, inviting close judicial scrutiny only when the parties (including Plaintiff) file motions, sometimes with extensive briefs.

---

[2]*See Rolle v. AurGroup Credit Union*, Case No. 1:21-cv-06 (Doc. 17, R&R filed 8/11/21). As of this writing, the R&R in Case No. 1:21-cv-06 remains pending before U.S. District Judge Cole.
[3]According to a PACER search on the date of this R&R, Plaintiff has filed a total of 43 federal cases in various federal district courts (29 of them in New York), plus two appeals in the Second and Sixth Circuits.
[4]At least one lawsuit, Case No. 1:19-cv-1015, was dismissed based upon Rolle's failure to prosecute. Plaintiff's dissatisfaction with Magistrate Judge Litkovitz's R&R in that case inspired Plaintiff's first lawsuit against her.

**II.     Analysis**

**A. Screening Plaintiff's Frivolous Fee-Paid Case**

Notwithstanding this typical pattern of fee-paid cases, in the last case filed against Magistrate Judge Litkovitz, the presiding district judge[5] explained that this Court should dismiss the type of frivolous cases that Rolle files, when possible, without awaiting motion practice:

> [T]he Court does not formally screen the Complaint pursuant to 28 U.S.C. §§ 1915A or 1915(e)(2). However, the Court may dismiss a complaint *sua sponte* for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dismissal under this rule is appropriate when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

*Rolle v. Litkovitz*, Case No. 1:21-cv-230; 2021 WL 1546110, at *2 (S.D. Ohio April 20, 2021).

Dismissal of the instant case under *Apple v. Glenn* is warranted on the same grounds stated by Judge Reeves. In an effort to conserve judicial resources, Judge Reeves' analysis is adopted and quoted at length <u>as fully applicable to the above-captioned case</u>:

> Rolle['s] claims in the present case are not arguably plausible. To begin, his Complaint does not meet minimum pleading standards under the Federal Rules of Civil Procedure. Although *pro se* complaints are liberally construed and held to a less stringent standard than those drafted by attorneys, Rolle's Complaint falls woefully short of the minimum requirements. A plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And while detailed factual allegations are not necessary, the rule "requires more than [mere] labels and conclusions, and a formulaic recitation of the

---

[5]Out of an abundance of caution, the prior case filed against Magistrate Judge Litkovitz was transferred to several judicial officers before the Chief Judge of this Court transferred the case to U.S. District Judge Danny C. Reeves, who normally presides in the Eastern District of Kentucky. The instant case has not been transferred to another judicial officer because initial review reveals it to be patently frivolous and subject to summary dismissal on identical grounds as were cited by Judge Reeves.

3

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 555 (2007).

Each of Rolle's Complaints look strikingly similar, employing a "kitchen-sink" approach that alleges the defendants have violated numerous constitutional amendments. Comparing the instant Complaint to that in each of Rolle's underlying actions, it is apparent that he essentially copied the language from those pleadings and added Litkovitz's name. The Complaint is devoid of any specific facts alleging wrongdoing on her part. Instead, Rolle repeats allegations from each of the underlying pleadings and tacks on conclusory allegations that Litkovitz "aided and abetted" the other defendants in the alleged conduct.

Rolle has not provided a single *fact* supporting his claims that Magistrate Judge Litkovitz aided and abetted the underlying defendants in any alleged wrongdoing. Further, he has not asserted facts suggesting that Litkovitz has had any relationship or involvement with these individuals or entities outside her role as a federal magistrate judge in the lawsuits he filed in this Court. Rolle's claims are further undermined by his wholly unsubstantiated suggestions that the defendants are involved in a "white supremacist conspiracy."

Rolle's claims are devoid of merit for other reasons as well. He appears to challenge Litkovitz's [prior] decisions…. To the extent Litkovitz seeks monetary damages, judges are entitled to absolute immunity with respect to acts performed within the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001). "[J]udicial immunity is not overcome by allegations of bad faith," and "applies even when the judge is accused of acting maliciously and corruptly." *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

And while Rolle has requested injunctive and/or declaratory relief, he has not alleged any cognizable cause of action. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (holding that judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in his or her judicial capacity); *Ward v. City of Norwalk*, 640 F. App'x 462, 467-68 (6th Cir. 2016) (recognizing that declaratory relief under § 1983 may be available against judicial officers)….

\* \* \*

Rolle also requests a "conviction of the defendant" … However, this is a civil action and there is no cause of action in which the plaintiff can seek a "conviction of the defendant."[6] Additionally, there is no private right of

---

[6]The instant complaint no longer seeks the criminal "conviction of the Defendant" and removal of Defendant from her judicial position. Instead, Plaintiff alleges that Magistrate Judge Litkovitz "should be

4

> action in which the plaintiff can seek to have the defendant removed from her position as a United States Magistrate Judge.
>
> Finally, the Declaratory Judgment Act alone does not create a federal cause of action. *See* 28 U.S.C. § 2201; *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 15-19-(1983). Instead, the plaintiff must identify a cause of action under some other law. *Id.* The plaintiff does not identify the legal basis for a declaratory judgment "saying all white supremacy Ohio state officials in Morrow County and all white supremacy federal officials here in Hamilton County in the Federal Court be rooted out and prosecuted to the fullest extent of the law." Accordingly, this claim is devoid of merit and will be dismissed.

*Id.*, at **2-3 (footnote added).

## B. The Need for Sanctions to Curtail Future Vexatious Practice

Judge Reeves' Memorandum Opinion and Order is but the most recent in a series of opinions that have recognized Plaintiff Rolle's vexatious litigation history.[7] A recap of all of those opinions would be unnecessarily redundant. However, the undersigned takes the liberty of quoting extensively from one more prior case.

In Case No. 19-cv-944, the undersigned previously acknowledged the practice of Mr. Rolle to allege "general violations of Plaintiff's First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments as well as violations of

---

criminally prosecuted for willful and intentional libel and slander and criminal defamation and criminal fraud and criminal grand larceny and criminal perjury and discrimination…" by *other* individuals. However, Plaintiff continues to seek a declaratory judgment that "all white supremacy federal officials …including the white Defendant be prosecuted to the fullest exten[t] of the law by United States Congress and other Federal authorities." (Doc. 1 at 9).

[7]Litigation history is rarely apparent from the face of a complaint. In general, a judge must conduct a search of records to discover just how many cases a particular plaintiff has filed. Such searches require time that scarce judicial resources do not always permit As a result, Plaintiff has been given the benefit of the doubt on more than one occasion. For example, in Case No. 19-cv-1015, the presiding judge expressed concern with the frivolous nature of Plaintiff's complaint and scandalous nature of the allegations made against Judge Litkovitz. However, apparently unaware of the full scope of Plaintiff's vexatious litigation history, and explicitly citing Plaintiff's "status as pro se litigant," the Court expressly declined "to issue an Order to show cause under Fed. R. Civ. P. 11(c)(3)." Instead, the Court urged "Rolle to carefully review the obligations that Rule 11 imposes on litigants, even pro se litigants, and to remain mindful of such obligations (and the potential consequences for failing to comply with those obligations) for any future filings he may choose to make in federal court, whether in this matter or another." *Rolle v. Braddock*, Case No. 19-cv-1015, 2021 WL 3417482, at *1 (S.D. Ohio, August 4, 2021).

42 U.S.C. §§ 1983, 1985, and 1988," in complaints that are "devoid of specific factual allegations against the Defendant" apart from conclusory allegations that Plaintiff is a "Black American Citizen," and that Defendant is a "white supremacy state official" who concealed evidence and participated in the filing of fraudulent legal papers. (*Id.*, Case No. 19-cv-944, Doc. 7 at 2-3, 2020 WL 1491382 (S.D. Ohio Mar. 27, 2020).

In that case, the undersigned recommended that the Court consider sanctions under Rule 11, Fed. R. Civ. P. in addition to separate pre-filing restrictions designed to curtail Plaintiff's vexatious practice. For the convenience of this Court, a portion of the R&R in Case No. 19-cv-944 also is quoted at length:

> [T]hrough preliminary screening authorized under § 1915, the strain on judicial resources (as well as on the defendants) is lessened by early dismissal.
>
> Here, however, Plaintiff Rolle has avoided initial screening under 28 U.S.C. § 1915(e) by paying the requisite $400 filing fee for each of his four recently filed cases. His ability to pay multiple filing fees within a short time span provides strong evidence that he is not a pauper. At the same time, his litigation history suggests that he either knows, or should know, that his lawsuits are patently frivolous.[8] Regardless of whether a pro se litigant pays the requisite fee or files *in forma pauperis*, if a party repeatedly files frivolous or malicious lawsuits, this Court may deem them to be a vexatious litigant, and impose pre-filing restrictions to reduce the burden that such litigation places on judicial resources. *See Stewart v. Fleet Financial*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. 2000) (citing *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998).
>
> In addition to the Court's authority to impose pre-filing restrictions on vexatious litigants, Rule 11 of the Federal Rules of Civil Procedure exists as a check on the filing of even a single frivolous lawsuit. Rule 11(b) of the Federal Rules of Civil Procedure applies to pro se litigants and attorneys alike, and states that by filing a pleading, the party certifies that to the best of the person's knowledge, information, and belief, formed after

---

[8] A cursory review of Plaintiff's New York cases reveals similar claims against judicial officers. *See Rolle v. Shields*, 2016 WL 3093898 at *2 (noting nine cases filed against judicial officers who enjoy absolute immunity). It appears that Plaintiff made similar claims in state court in Pennsylvania. *See Commonwealth v. Rolle*, 2018 WL 1065009 (Pa. Superior Ct. March 6, 2018), aff'd 2018 6074445, 197 A.3d 1173 (Table) (Pa. S. Ct. Nov. 20, 2018).

6

an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

*Id.* When a pro se litigant fails to comply with Rule 11 by filing a complaint in which no claims are warranted by existing law or any nonfrivolous argument, and the scant factual contentions that are included in the complaint appear to have no evidentiary support, as is evident in this case, a court "may impose an appropriate sanction." Rule 11(c). Specifically, under Rule 11(c)(3) a court may impose sanctions on its own initiative, after directing the party "to show cause why conduct specifically described in the order has not violated Rule 11(b)."[9] Any sanction "must be limited to what suffices to deter repetition of the conduct" and "may include nonmonetary directives [or] an order to pay a penalty into court." Rule 11(c)(4).

Based upon Plaintiff's filing of this frivolous lawsuit, his filing of three similar lawsuits, and recognized history of filing at least twenty prior frivolous cases in the federal courts of New York and the Second Circuit, the undersigned recommends the issuance of an order to "show cause" why pre-filing restrictions should not be imposed under Rule 11 as – at a minimum – a warning to Plaintiff that future violations will not be tolerated. Because he does not appear to be a pauper, the Court may also consider the imposition of future monetary sanctions under Rule 11.

*Rolle v. Lewis*, Case No. 19-cv-944, Doc. 7 at 5-7, 2020 WL 1491382, at **2–4

(footnotes original)

U.S. District Judge Timothy S. Black overruled Plaintiff Rolle's objections to the

quoted R&R as "wholly without merit." *Id*., Doc. 11, 2020 WL 5760648 at *1 (S.D. Ohio

---

[9]A court may not impose a monetary sanction prior to issuing a show-cause order. Rule 11(c)(5).

Sept. 28, 2020); *see also id*. (finding it to be "inappropriate to address each of Plaintiff's baseless, rambling allegations" which asserted "that this Court is racist, unjust, and fraudulent."). Judge Black directed Plaintiff "to show cause why the filing of the above-captioned complaint does not constitute a violation of Rule 11(b), and why this …Court should not impose pre-filing restrictions against Plaintiff, including that no further complaint be accepted for filing in the Southern District of Ohio that has not been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted." *Id*. Plaintiff did not comply with the Court's September 28, 2020 "show cause" Order.

In violation of Judge Black's clear warning, Plaintiff has continued, undeterred, to file additional patently frivolous cases in this Court. Ironically, one of those cases was Case No. 1:21-cv-06, the case that spawned the instant complaint against Magistrate Judge Litkovitz based upon her recommendation that Defendants' motion to dismiss be granted. Notably, Defendants' motion to dismiss for failure to state a claim alternatively had sought dismissal on the basis of the pre-filing recommendations discussed in Case No. 19-cv-944, and Plaintiff's failure to respond to the prior "show cause" order. In a further irony, Judge Litkovitz declined to dismiss based on the Plaintiff's failure to respond to Judge Black's "show cause" order because "there is no indication that… the Court imposed any pre-filing restrictions on plaintiff" after Plaintiff failed to respond. *Rolle v. AurGroup Credit Union*, 2021 WL 3562913, at *3 n.2 (S.D. Ohio, Aug. 11, 2021)

If there were any prior doubt as to the propriety of pre-filing restrictions, Plaintiff's filing of this second case against Magistrate Judge Litkovitz proves that such restrictions

8

are needed in this Court.[10] Including the above-captioned case, each new case uses the same type of "kitchen sink" complaint previously described by the undersigned in Case No. 19-cv-944 and most recently by Judge Reeves - complaints that are long on scandalous allegations that the defendants-de-jour are "white supremacists" yet utterly devoid of factual or legal support.[11]

Plaintiff has demonstrated no willingness or ability to curtail his vexatious litigation practices. In such cases, courts have struggled to find an appropriate remedy that does not expend additional resources in the course of judicial gatekeeping. *See Marbly v. Wheatley*, 87 Fed. Appx. 535 (6th Cir. 2004) (mandating that pro se plaintiff first seek leave of court prior to filing a lawsuit); *Stewart v. Fleet Financial,* 229 F.3d 1154 (6th Cir. 2000) (requiring harassing and vexatious pro se litigator to file $25,000 bond prior to filing suit is not an abuse of discretion). However, one restriction is to bar such pro se litigants from filing further pro se actions without a certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose. *See Ortman v. Thomas,* 99 F.3d 807, 811 (6th Cir. 1992); *Sawchyn v. Parma Municipal Court,* 114 F.3d 1188 (6th Cir. 1997) (Table, text available at 1997 WL 321112, requiring prefiling certification by attorney); *May v. Guckenberger,* 2001 WL 1842462, *6 (S.D. Ohio 2001) (requiring prefiling certification by attorney or a magistrate judge). On the record presented, the undersigned

---

[10]The Sixth Circuit also has confirmed the propriety of imposing sanctions upon pro se litigants who abuse the litigation process in other federal courts. *See e.g., Wilson v. Star Bank*, 173 F.3d 857 (6th Cir. Jan. 28, 1999) (Table, holding that district court acted appropriately in considering prior lawsuits filed by plaintiff in other courts under the PLRA); *see also, generally*, *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264 (6th Cir. 1998); *Emrit v. Trump*, 2019 WL 140107 at *2 (discussing "a resounding lack of success in the federal courts that would give pause to most litigants" that has failed to abate the plaintiff's "pernicious conduct."); *Hurt v. Koch*, 2014 WL 2207349 at*3 (S.D. Ohio May 28, 2014).
[11]*See, e.g.,* Doc. 1, Complaint at ¶¶ 4-12, repeatedly describing "the white Defendant Karen L. Litkovitz" as "a known white supremacy individual…."

9

recommends that Plaintiff be required to provide a certification from an attorney in order to minimize the further waste of scarce judicial resources. *See generally, Moore v. Hillman,* 2006 WL 1313880, *5 (W.D. Mich. May 12, 2006) (citing *Sassower v. American Bar Assn.,* 33 F.3d 733, 736 (7th Cir.1994)); *Bradford Co. v. Afco Manufacturing, et al.,* 2008 WL 11351632 (S.D. Ohio Aug. 5, 2008, imposing same sanction upon Jonathan Lee Riches); *Emrit v. Trump,* 2019 WL 140107 (same); *Hurt v. Koch*, 2014 WL 2207349 (same).

Plaintiff should be subjected to the referenced restriction because he is a known and clearly unrepentant vexatious litigant in this Court. Plaintiff already has been explicitly warned, through the "show cause" Order issued in Case No. 19-cv-944, that pre-filing restrictions were likely to be imposed. However, to the extent that any additional warning is required, the undersigned recommends that the objection period for this Report and Recommendation suffice as such warning. *Accord Emrit v. Trump*, 2019 WL 140107, at *3 (S.D. Ohio Jan. 9, 2019) ("Given Plaintiff's unusually extensive nationwide litigation history, the undersigned is not unduly troubled by the lack of a prior express warning by this Court.").

In addition to the recommended pre-filing restrictions, the undersigned recommends that Plaintiff be formally sanctioned by this Court under Rule 11, Fed. R. Civ. P. The complaint herein violates multiple tenets of Rule 11(b) - it has been presented for an improper purpose, none of the asserted claims are supported by existing law or any nonfrivolous argument, and it contains no factual allegations with any evidentiary support or that likely would have evidentiary support after discovery. Although Plaintiff proceeds pro se, he clearly is no pauper, having spent thousands of

dollars in filing fees in this Court alone. Therefore, a monetary sanction is appropriate. However, as this Court has previously noted, Rule 11(c)(5) requires a court to issue a "show cause" order prior to *sua sponte* issuance of a monetary sanction for Rule 11(b) violations. The undersigned has separately issued a Show Cause Order pertaining to this case.

### III.     Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT**:

(1) For informational purposes, a courtesy copy of this R&R should be filed in any *open and pending* case filed by Plaintiff Rolle in this Court, including Case No. 1:21-cv-06-DRC-KLL;

(2)  Based upon the clear violations of Rule 11(b) in this case, and in the absence of any showing of just cause during the time period allotted for Objections, Plaintiff Rolle should be directed to pay to the Clerk of Court the sum of $1,000.00 within ten (10) days of the date of the adoption of this R&R;

(3) Regardless of whether Rule 11 sanctions are imposed, Plaintiff also should be declared a harassing and vexatious litigator, and therefore be **ENJOINED AND PROHIBITED** from filing any additional complaints, or from otherwise initiating any new civil case in the Southern District of Ohio, unless:

  a)    any motion or document that seeks to open a new civil case is accompanied by a complete copy of the tendered complaint together with a copy of this Report and Recommendation;

    b) the tendered complaint has been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted;

    c) the complaint is accompanied either by payment of the full filing fee or a motion seeking leave to proceed *in forma pauperis*;

(5) The Clerk of Court should be specifically **DIRECTED** not to open any new civil cases in Plaintiff's name <u>absent full compliance with the above restrictions</u>, and should be instructed to dispose of such documents accordingly;

(6) Pursuant to 28 U.S.C. § 1915(a)(3), the Court should certify that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis.*

<u>/s Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NEHEMIAH ROLLE, JR.,

      Plaintiff,

v.

KAREN L. LITKOVITZ,

      Defendant.

Case No. 1:21-cv-552

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).