**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Nehemiah Rolle, Jr.,

    Plaintiff,                                                Case No. 1:21cv552

    v.                                                           Judge Michael R. Barrett

Karen L. Litkovitz,

    Defendant.

**ORDER**

This matter is before the Court on the Magistrate Judge's September 14, 2021 Report and Recommendations ("R&R") recommending that this case be DISMISSED *sua sponte*, and that both monetary sanctions under Rule 11, Fed. R. Civ. P. and prefiling restrictions against Plaintiff be imposed, based upon his vexatious litigation history. (Doc. 5). Also before the Court is the Magistrate Judge's September 14, 2021 Order to Show Cause why monetary sanctions should not be imposed under Rule 11, Fed. R. Civ. P., and pre-filing restrictions should not be imposed. (Doc. 6). On September 30, 2022, Plaintiff filed an "Affidavit In Opposition to Magistrate judge Stephanie K. Bowman's Unlawful and Unjust and Criminally Fraudulent and Criminally Perjurious Report and Recommendation." (Doc. 9). The Court construes this filing by Plaintiff as objections to the Magistrate Judge's September 14, 2021 R&R.

    **I.**        **STANDARD OF REVIEW**

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The

"clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

**I.    BACKGROUND**

This case is a *pro se* civil action in which Plaintiff has filed a lawsuit against the federal magistrate judge presiding over a separate lawsuit filed by Plaintiff. As the Magistrate Judge explains in the R&R, Plaintiff has a long litigation history of filing lawsuits against judges whose decisions he does not like. (Doc. 5, PAGEID 23-24). As detailed more fully in the Magistrate Judge's R&R, Plaintiff has filed eleven lawsuits in the Southern District of Ohio alone, and has filed a total of approximately forty-three federal lawsuits in the United States Court for the Eastern District of New York, Northern and Southern Districts of New York and the District of New Jersey. (Doc. 5, PAGEID 24, n.3). The Magistrate Judge explains that because Plaintiff pays the full filing and administrative fees in each case, Plaintiff's cases escape "frivolousness" screening under 28 U.S.C. §§ 1915A or 1915(e)(2). However, the Magistrate Judge explained that under *Apple v.*

2

*Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied*, 528 U.S. 1198 (2000), dismissal of a complaint is appropriate under Federal Rule of Civil Procedure 12(b)(1), where the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. The Magistrate Judge also explains that this Court has previously issued Plaintiff a clear warning that his pattern of filing patently frivolous cases constituted a violation of Federal Rule 11(b). *See Rolle v. Lewis*, No. 1:19-CV-944, 2020 WL 5760648, at *1 (S.D. Ohio Sept. 28, 2020) (ordering Plaintiff to show cause "why this could Court should not impose pre-filing restrictions against Plaintiff, including that no further complaint be accepted for filing in the Southern District of Ohio that has not been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted.").

The Magistrate Judge explained that the present lawsuit filed by Plaintiff was filed against Magistrate Judge Litkovitz based upon her recommendation in *Rolle v. AurGroup Credit Union*, Case No. 1:21-cv-06-DRC-KLL that the defendants' motion to dismiss be granted. The Magistrate Judge noted that the allegations here are the same "scandalous allegations that the defendants-de-jour are 'white supremacists'" which Plaintiff has alleged in his previous lawsuits. The Magistrate Judge explained that Plaintiff's complaint fails to provide any factual or legal support for his claims. Because Plaintiff has not demonstrated a willingness or ability to curtail his vexatious litigation practices, the Magistrate Judge recommends that Plaintiff be barred from filing further *pro se* actions without a certification from the Court or an attorney that the claims asserted are not frivolous and the suit is not brought for any improper purpose. In addition, the Magistrate Judge recommends a monetary sanction under Federal Rule 11 because Plaintiff's

3

complaint was presented for an improper purpose, none of the claims are supported by existing law or any non-frivolous argument, and the complaint contains no factual allegations with any evidentiary support or that likely would have evidentiary support after discovery.

II.     **ANALYSIS**

In his "Affidavit," Plaintiff objects to the Magistrate Judge's "unlawful and unjust criminally fraudulent and criminally perjurious Report and Recommendation on legal statutory grounds" and states that he "did not consent to her involvement in this case pursuant Federal Rule 73 and Federal 636(c)." (Doc. 9, PAGEID 60).

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health under Rand Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Even if the Court were to construe Plaintiff's response to the R&R in the most liberal fashion, his filing does not contain any "specific written objections" as required by Federal Rule Civil Procedure 72(b)(2). Plaintiff merely refers to the "unlawful and unjust and criminally fraudulent and criminally perjurious 'Report and Recommendation,'" labels the Magistrate Judge as being "the most dangerous white supremacist magistrate judge on United States District Court for the Southern District of Ohio Western Division" and accuses the Magistrate Judge of committing "numerous acts [of] willful criminal perjury and numerous acts of criminal fraud and numerous acts criminal obstruction of justice and numerous acts criminal thief (Grand Larceny) and criminal defamation in this Federal civil action against me, the Plaintiff a traditional Black American senior citizen with medical disabilities." (Doc. 9, PAGEID 61). In that same vein, Plaintiff has failed to respond to the Magistrate Judge's Order to Show Cause why monetary

4

sanctions should not be imposed under Federal Rule 11 and pre-filing restrictions should not be imposed based upon his vexatious litigation history.

However, regardless of the Plaintiff's failure to file specific objections or respond to the Order to Show Cause, the Court finds no error in the Magistrate Judge's recommendations. Plaintiff's complaint is frivolous and lacks an arguable basis in either law or fact. This Court's ruling in another lawsuit brought by Plaintiff against Magistrate Judge Litkovitz is equally applicable here:

> Each of Rolle's Complaints look strikingly similar, employing a "kitchen-sink" approach that alleges the defendants have violated numerous constitutional amendments. Comparing the instant Complaint to that in each of Rolle's underlying actions, it is apparent that he essentially copied the language from those pleadings and added Litkovitz's name. The Complaint is devoid of any specific facts alleging wrongdoing on her part. Instead, Rolle repeats allegations from each of the underlying pleadings and tacks on conclusory allegations that Litkovitz "aided and abetted" the other defendants in the alleged conduct.
>
> Rolle has not provided a single fact supporting his claims that Magistrate Judge Litkovitz aided and abetted the underlying defendants in any alleged wrongdoing. Further, he has not asserted facts suggesting that Litkovitz has had any relationship or involvement with these individuals or entities outside her role as a federal magistrate judge in the lawsuits he filed in this Court. Rolle's claims are further undermined by his wholly unsubstantiated suggestions that the defendants are involved in a "white supremacist conspiracy."

*Rolle v. Litkovitz*, No. CV 1:21-230-DCR, 2021 WL 1546110, at *2 (S.D. Ohio Apr. 20, 2021). Accordingly, *sua sponte* dismissal under Federal Rule of Civil Procedure 12(b)(1) is proper because the allegations in Plaintiff's complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

To the extent that Plaintiff objects to the Magistrate Judge's authority, Congress has authorized Article III judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). In addition, under 28 U.S.C. § 636(b)(3), "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." Accordingly, under General Order of Assignment and Reference (CIN 14-01), cases filed at the Cincinnati location of this Court by persons proceeding *pro se* are automatically referred to one of the Magistrate Judges. Therefore, Plaintiff's consent was not required for the Magistrate Judge to issue a R&R or Order to Show Cause. Moreover, as the Sixth Circuit has explained: "'[W]hen analyzing a challenge to the district judge's delegation of authority to a magistrate judge pursuant to § 636(b), the dispositive question is whether the duty assigned to a magistrate judge is subject to meaningful review by a district judge.' By conducting a *de novo* review of the portions of the magistrate judge's final R&R to which objections were filed, the district court subjected the magistrate judge's proposed factual findings and recommendation to meaningful review and complied with the requirements of § 636(b)." *United States v. B & D Vending, Inc.*, 398 F.3d 728, 732 (6th Cir. 2004) (quoting *United States v. Bolivar–Munoz*, 313 F.3d 253, 256 (5th Cir. 2002)). Here, the Court has conducted a *de novo* review and found Plaintiff's objections be without merit. Therefore, the Court rejects any challenge Plaintiff raises with regard to the Court's delegation of authority to the Magistrate Judge.

### III. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's September 14, 2021

R&R (Doc. 5) to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's September 14, 2021 R&R (Doc. 5) is **ADOPTED** in its entirety, and Plaintiff's Objections (Doc. 9) are **OVERRULED**. It is hereby **ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED with PREJUDICE**;

2. Plaintiff is directed to pay to the Clerk of Court the sum of $1,000.00 within ten (10) days of entry of this Order;

3. Plaintiff is declared a harassing and vexatious litigator, and therefore is **ENJOINED AND PROHIBITED** from filing any additional complaints, or from otherwise initiating any new civil case in the Southern District of Ohio, unless:

   a. any motion or document that seeks to open a new civil case is accompanied by a complete copy of the tendered complaint together with a copy of this Report and Recommendation;

   b. the tendered complaint has been certified as non-frivolous by an attorney in good standing in this Court or the jurisdiction in which he or she is admitted;

   c. the complaint is accompanied either by payment of the full filing fee or a motion seeking leave to proceed in forma pauperis;

4. The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order adopting this Report and Recommendation would not be taken in good faith and therefore Plaintiff is **DENIED** leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1977); and

5. This matter is **TERMINATED** from the active docket of the Court.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Court